

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-7314

Re: Authority of the State Treasurer
to deposit certain trust funds
which have accumulated in the
various State eleemosynary in-
stitutions.

Your request for an opinion upon the above subject mat-
ter is as follows:

"This office received today a letter requesting
permission to deposit certain trust funds with the
State Treasurer which have accrued in the various
State eleemosynary institutions. A copy of that let-
ter is enclosed.

"These trust accounts, a representative of the
Board of Control explained, represent the residue,
generally, of personal effects of inmates of the in-
stitutions which are unclaimed or on which legal
ownership has not been determined.

"Kindly advise,-

"(1) If the State Treasurer under the statutes
is authorized to accept this deposit and
subsequent similar deposits.

"(2) If so, should such deposits be credited
to Treasurer's Trust-Settlement of Es-
tates, or should a new trust fund be
opened with appropriate title?

"(3) Should withdrawals be made against court
order or regular vouchers of the Board of
Control to the Comptroller?

"If question number one is answered in the nega-
tive, two and three are immaterial."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

A copy of letter from the State Board of Control is as follows:

"Our Trust Fund Accounts at the close of business on April 30, 1946, for our various eleemosynary institutions, amounted to $111,076.00. Of this amount, about $45,000.00 was above the $5,000.00 F.D.I.C. guarantee. Also, in some of our institutions, the Trust Fund amounts to more than $10,000.00, which is the amount established by law for the amount of bond to be carried by the Superintendents.

"We would like to call your attention to Article 4393a, Revised Civil Statutes of Texas, or Senate Bill 199, 49th Legislature, regular session.

"With the above information in mind, we request permission to deposit these Trust Funds with your department and permit deposits or withdrawals as the occasion for such may occur. We suggest that withdrawals be made by regular voucher or by a Board of Control Order to the Comptroller for the issuance of a warrant to permit such withdrawals."

It is the opinion of this department that you have no authority to accept such funds, and pass them into the treasury, nor indeed to accept them in any capacity. They are not public funds authorized by law to be received by you, or placed in the treasury.

Senate Bill No. 199, passed by the Regular Session of the 49th Legislature, referred to in your attached letter from the Board of Control concerns only those funds of trust, and suspense moneys, and other securities lawfully coming into the hands of the Treasurer in his official capacity, and to clarify the method of handling such funds, as clearly shown by the emergency clause of that Act.

Moreover, Article 4374 of the Revised Civil Statutes declares:

"All moneys received by the Treasurer shall be kept in the safe and vaults of the treasury; and the Treasurer shall not keep or receive into the building, safes, or vaults of the treasury

Honorable Jesse James - page 3

any money, or the representative of money, be-
longing to any individual, except in cases ex-
pressly provided for by law; * * *."

The funds under consideration are in no sense
public money. They are held by the Board of Control, or
the officers of the institutions, as the case may be, in
trust only for the real owners as individuals.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-MR

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN